# Exhibit C

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Mitchell Ow and Margaret Bedima-Ow | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-cv-733-SK |
| United States of American | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  **Port of Oakland, 530 Water Street, Oakland, CA 94607**
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Notice of Deposition

| Place: Jones Clifford, LLP, 1390 Market Street, Suite 1200 San Francisco, CA 94102 | Date and Time: 04/10/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically, instant video display, and video recording

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Notice of Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/08/2018

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Mitchell Ow
_____, who issues or requests this subpoena, are:
Ross J. Psyhogios, Jones Clifford, LLP, 1390 Market Street, Suite 1200, San Francisco, CA 94102, rpsyhogios@jonesclifford.com, (415) 431-5310

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17-cv-733-SK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____53.08_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                              *Server's signature*

                                     _____
                                              *Printed name and title*

                                     _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

STEVEN J. BELL, ESQ. (SBN 160531)
ROSS J. PSYHOGIOS, ESQ. (SBN 293165)
**JONES CLIFFORD, LLP**
1390 Market Street, Suite 1200
San Francisco, California 94102
Telephone: (415) 431-5310
Facsimile: (415) 431-2266

Attorney for Plaintiffs
MITCHELL OW and MARGARET BEDIMA-OW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MITCHELL OW and MARGARET BEDIMA-OW,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES 1 THROUGH 20,<br><br>Defendants. | Case No.: 3:17-cv-00733-SK<br><br>**NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV. P. 30(b)(2), 30(b)(6), 34.** |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiff **MITCHELL OW** will take the deposition(s) on oral examination pursuant to Fed. R. Civ. P. 30(b)(6) and LR 30.1, of the **PORT OF OAKLAND at Jones Clifford, LLP, 1390 Market Street, Suite 1200, San Francisco CA**, before a Notary Public and under oath, on the following date and time and continuing day to day, excluding Saturday and Sunday, until complete. The deposition may be recorded through the instant visual display of testimony and may be videotaped.

The Port of Oakland is requested to designate person or persons most knowledgeable and prepared to testify regarding all information that is known and reasonable available to the Port of Oakland regarding the matters set forth below. To avoid any confusion, Plaintiff refers the Port of Oakland to Fed R. Civ. P. Rule 30(b)(6) which states as follows:

1

**NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(b)(2), 30(b)(6), AND 34**

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

## DEFINITIONS

"**WRITING**" is defined as set forth in California Evidence Code Section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

"**SUBJECT INCIDENT**" includes the circumstances and events surrounding the alleged accident, injury, or other occurrence that gave rise to plaintiff's complaint filed herein.

"**YOU or YOUR**" refers to the Port of Oakland and shall include, where appropriate, **YOUR** past or present agents, representatives, agents, employees, investigators, and other **PERSONS** acting on **YOUR** behalf.

"**PERSON or PERSONS**" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

"**IDENTIFY**" when applied to a **PERSON** shall mean to state the name, last known address and telephone number.

"**IDENTIFY**" when applied to a **WRITING** shall mean to reasonably describe and state the name, author, recipient and date it was created.

"**UNITED STATES OF AMERICA**" refers to the Federal Aviation Administration, its employees, agents, and counsel, and any individuals from the United States Department of Justice.

"**SUBJECT LITIGATION**" refers to the case filed in the Northern District of California, San Francisco Division, titled MITCHELL OW and MARGARET-BEDIMA-OW v. UNITED STATES OF AMERICA, Case No. 3:17-CV-00733-SK.

JONES, CLIFFORD, LLP
Attorneys at Law

| DEPONENT | DATE | TIME |
|---|---|---|
| 1. The existence, creation, preservation, maintenance, storage and custody of the documents and/or electronically stored information requested in the schedule of documents below, pursuant to Fed. R. Civ. P. 34. | April 10, 2018 | 9:00 a.m. |
| 2. The method of search for the documents and/or electronically stored data requested in the schedule of documents below, pursuant to Fed. R. Civ. P. 34. | April 10, 2018 | 10:00 a.m. |
| 3. Maintenance, creation, storage, and editing of any videos taken by the Port of Oakland at the Oakland International Airport on June 24, 2014. | April 10, 2018 | 11:00 a.m. |
| 4. Identification of the source of the video file attached as Exhibit A. | April 10, 2018 | 12:00 p.m. |
| 5. Maintenance, creation, storage, and editing, including the accuracy of the time stamps of the video file attached as Exhibit A. | April 10, 2018 | 1:00 p.m. |
| 6. Identification of the source of the video files attached as Exhibit B. | April 10, 2018 | 1:30 p.m. |
| 7. Maintenance, creation, storage, and editing, including the accuracy of the time stamps of the video files attached as Exhibit B. | April 10, 2018 | 2:00 p.m. |
| 8. Communications with the **UNITED STATES OF AMERICA** regarding any video files taken by the Port of Oakland at the Oakland International Airport on June 24, 2014. | April 10, 2018 | 2:30 p.m. |
| 9. Communications with the **UNITED STATES OF AMERICA** regarding the video file attached as Exhibit A. | April 10, 2018 | 3:00 p.m. |
| 10. Communications with the **UNITED STATES OF AMERICA** regarding the video files attached as Exhibit B. | April 10, 2018 | 3:30 p.m. |
| 11. Communications with the **UNITED STATES OF AMERICA** regarding the **SUBJECT LITIGATION**. | April 10, 2018 | 4:00 p.m. |

NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(b)(2), 30(b)(6), AND 34

| 12. Communications with the **FEDERAL AVIATION ADMINISTRATION** regarding the **SUBJECT INCIDENT**. | April 10, 2018 | 4:30 p.m. |
|---|---|---|

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(2), Plaintiff MITCHELL OW requests that the PORT OF OAKLAND'S designee, responsive to this deposition notice, produce, at the time of the deposition, the documents identified in the Schedule of Documents contained in this deposition notice:

## SCHEDULE OF DOCUMENTS

The items to be produced are:

1. Any and all **WRITINGS** reviewed, consulted, or otherwise relied upon to provide testimony on the topics listed above.

2. Any and all videos depicting the **SUBJECT INCIDENT** in their original, native, and unedited electronic format.

3. Any and all videos depicting the **SUBJECT INCIDENT** that **YOU** sent to the **UNITED STATES OF AMERICA** and/or its attorneys.

4. Any and all **WRITINGS** pertaining to correspondence between **YOU** and the **UNITED STATES OF AMERICA** regarding any video files taken by the Port of Oakland at the Oakland International Airport on June 24, 2014

5. Any and all **WRITINGS** pertaining to correspondence between **YOU** and the **UNITED STATES OF AMERICA** regarding video file attached as Exhibit A.

6. Any and all **WRITINGS** pertaining to correspondence between **YOU** and the **UNITED STATES OF AMERICA** regarding video files attached as Exhibit B.

7. Any and all **WRITINGS** between **YOU** and the **UNITED STATES OF AMERICA** regarding the **SUBJECT INCIDENT**.

8. Any and all **WRITINGS** between **YOU** and the **UNITED STATES OF AMERICA** regarding the **SUBJECT LITIGATION**.

9. Any and all WRITINGS provided by **YOU** to the **UNITED STATES OF AMERICA** regarding the **SUBJECT LILTIGATION**.

10. Any and all WRITINGS provided by YOU to the UNITED STATES OF AMERICA regarding the SUBJECT INCIDENT.

Dated: March 8, 2018

JONES CLIFFORD, LLP

By: _____
Steven J. Bell
Ross J. Psyhogios
Attorneys for Plaintiffs
MITCHELL OW and MARGARET BEDIMA-OW

# CERTIFICATE OF SERVICE
## *Ow v. USA*
### U.S. District Court Case No.: 3:17-CV-00733-SK
### NORTHERN DISTRICT OF CALIFORNIA

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1390 Market Street, San Francisco, California 94102. On **March 8, 2018**, I served the following documents(s) by the method indicated below:

**NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV. P. 30(b)(2), 30(b)(6), 34**

☐ by transmitting via **facsimile** on this date from the fax number (415) 431-2266 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R. Ct. 2003(3)

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On _____, I caused to be served via messenger the above-listed documents.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒ by causing the documents to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by **e-mail or electronic transmission** was made by agreement of the parties, confirmed in writing.

Debra D. Fowler, Esq.  
debra.fowler@usdoj.gov  
Joshua H. Joseph, Esq.  
joshua.h.joseph@usdoj.gov  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 14271  
Washington, DC 20044-4271  

*Attorneys for Defendant United States of America*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **March 8, 2018**, at San Francisco, California.

*/s/ Richard Kornbluh*

6

NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(b)(2), 30(b)(6), AND 34



